UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DASHAWUN WRIGHT,

                              Plaintiff,

    v.                                                       9:24-CV-0966
                                                              (DNH/TWD)

CORRECTIONS OFFICER FARBY, et al.,

                              Defendants.
_____

APPEARANCES:

DASHAWUN WRIGHT
Plaintiff, pro se
20-R-0145
Attica Correctional Facility
Box 149
Attica, NY 14011

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

**DECISION and ORDER**

I.      **INTRODUCTION**

      Plaintiff Dashawun Wright is proceeding pro se and in forma pauperis ("IFP") with this civil rights action filed pursuant to 42 U.S.C. § 1983 ("Section 1983").  By Decision and Order entered on September 9, 2024, the Honorable David N. Hurd granted plaintiff's IFP application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Farby, Corrections Officer Thomas, Corrections Officer

1

John Doe #1, Corrections Officer John Doe #2, Corrections Officer John Doe #3, Corrections Officer John Doe #4, and Corrections Sergeant John Doe #5 survived sua sponte review, and dismissed plaintiff's remaining Section 1983 claims.  Dkt. No. 8 ("September 2024 Order"). *See* Dkt. No. 5.

Thereafter, the U.S. Marshal attempted to effect service of the complaint on defendants Farby and Thomas.  However, the summonses issued for these officials were returned unexecuted, Dkt. Nos. 11, 11-1, along with a cover letter from the Liaison Officer at Auburn Correctional Facility, which indicates that defendant Thomas is "currently out of work on long term Workman's comp" and no official by the name of "Officer Farby" works at Auburn Correctional Facility or the "department."  Dkt. No. 11-2 ("Service Response Letter").

## II.     DISCUSSION

In light of the Service Response Letter, directing the U.S. Marshal to attempt personal service on defendants Thomas and Farby would be an exercise in futility.  Moreover, other than defendants Thomas and Farby, each of the remaining defendants in this case are "Doe" defendants.  *See* September 2024 Order.  Accordingly, the Clerk shall send a copy of the complaint, the September 2024 Order, the Service Response Letter, and this Decision and Order to the New York State Attorney General's Office.  Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that the New York State Attorney General's Office attempt to ascertain the correct name of "Officer Farby" and each of the "Doe" defendants based on the information provided by plaintiff in his complaint.

The Attorney General's Office is also requested to (1) file, under seal, an address where Officer Thomas may be served, and (2) provide the address where any identified "Doe" defendant or "Officer Farby" can currently be served.  The Attorney General's Office

need not undertake to defend or indemnify Corrections Officer Thomas, "Officer Farby" or any "Doe" defendant at this juncture. This order merely provides a means by which plaintiff may name and properly serve these officials as instructed by the Second Circuit in *Valentin*.

The New York State Attorney General's Office is hereby requested to produce the information specified above, to the extent that it can, within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order. The New York State Attorney General's Office **should not** send plaintiff any information regarding the personal address of Officer Thomas, but should send him information regarding "Officer Farby" and the "Doe" defendants at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review.

### III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk shall serve a copy of the complaint (Dkt. No. 1), the September 2024 Order (Dkt. No. 5), the Service Response Letter (Dkt. No. 11-2) and this Decision and Order on the New York State Attorney General's Office by electronic mail; and it is further

**ORDERED** that the New York State Attorney General's Office is hereby requested, to the extent possible, to do the following within thirty (30) days of the filing date of this Decision and Order: (1) file, under seal, an address where Officer Thomas may be served; and (2) produce the information specified above regarding the identity of "Officer Farby" and the "Doe" defendants. Upon receipt of a response from the New York State Attorney General's Office, as directed above, the Clerk shall return this file to the Court for further review; and it

is further

**ORDERED** that the Clerk shall serve plaintiff with a copy of the unexecuted summonses (Dkt. Nos. 11, 11-1), the Service Response Letter (Dkt. No. 11-2), and this Decision and Order.

**IT IS SO ORDERED**.

Dated:  October 16, 2024

      Syracuse, NY

_____
Thérèse Wiley Dancks
U.S. Magistrate Judge